O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| PAOLA ANDREA FONTANA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC., et al.,<br><br>　　　　　Defendants. | Case № 2:22-cv-03148-ODW(AGRx)<br><br>**ORDER GRANTING MOTION TO REMAND [20]** |

## I.　INTRODUCTION

This is a lemon law case that Plaintiff Paola Andrea Fontana now moves to remand to state court for lack of subject matter jurisdiction. (Mot. Remand ("Motion" or "Mot.") 1, ECF No. 20.) Fontana argues that Defendant Volkswagen Group of America, Inc. ("VW America") fails to meet its burden to establish diversity jurisdiction under 28 U.S.C. § 1332(a) because the amount in controversy is less than the jurisdictional threshold of $75,000 and because Fontana properly joined a non-diverse defendant, Volkswagen Santa Monica, LLC ("VW Dealer") to the action.

(*Id.* at 3–4.) The Court **GRANTS** the Motion on the first of these two bases.[1]

## II. BACKGROUND

On June 8, 2021, Fontana bought a 2022 Volkswagen Taos (the "Vehicle") from VW Dealer for $36,048.80. (First Am. Compl. ("FAC") ¶¶ 7–8, 10, ECF No. 9.) VW America manufactured the Vehicle. (*Id.* ¶ 7.) At the time of purchase, VW America issued Fontana an express written warranty wherein it undertook "to preserve or maintain" the Vehicle or to provide compensation if VW America failed to do so. (*Id.* ¶ 11.) Within the warranty period, Fontana alleges, the Vehicle developed numerous defects, including a defective braking system, window wiper system, ignition system, and electrical system. (*Id.* ¶ 13.) VW Dealer failed to repair or service the defects "within a reasonable number of attempts." (*Id.* ¶ 16.) Fontana alleges these defects impair the Vehicle's safety. (*Id.* ¶¶ 17, 19.)

On April 5, 2022, Fontana filed a complaint in state court, (Notice Removal ("NOR") Ex. B ("Compl."), ECF No. 1), asserting five causes of action against VW Dealer based on its alleged violations of the Song-Beverly Act, including breach of express warranty and breach of the implied warranty of merchantability. (*Id.* ¶¶ 19–42.) Fontana sought (1) actual damages; (2) restitution; (3) a civil penalty up to two times her actual damages pursuant to California Civil Code section 1794 subdivision (c) or (e); (4) consequential and incidental damages; (5) costs of suit and attorneys' fees; (6) prejudgment interest; (7) and other relief. (*Id.* Prayer for Relief.)

On May 9, 2022, VW America removed the case to this court based on diversity jurisdiction. (NOR ¶¶ 8–24, ECF No. 1.) On May 25, 2022, Fontana amended her complaint, maintaining the same causes of action and seeking the same relief but adding VW Dealer as a defendant for also violating the implied warranty of merchantability. (FAC ¶¶ 20–43.)

---

[1] The Court has reviewed the papers filed in connection with the Motion to Remand and deemed the matter appropriate for a decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

Fontana now moves to remand this case to state court, alleging that VW America fails in its burden of proving the amount in controversy exceeds $75,000 and that she properly joined a non-diverse defendant, VW Dealer, to the action. (Mot. 3–4.) The Motion is fully briefed. (*See* Opp'n, ECF No. 25; Reply, ECF No. 26.)

### III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in a state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332. Accordingly, a defendant may remove a case from state court to federal court pursuant to the federal removal statute, 28 U.S.C. § 1441, based on federal question or diversity jurisdiction. Diversity jurisdiction requires complete diversity of citizenship among the adverse parties and an amount in controversy exceeding $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

Courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Id*.

### IV. DISCUSSION

The Court finds that VW America does not meet its burden to show that the amount in controversy exceeds $75,000 and therefore fails to demonstrate that this Court has subject matter jurisdiction over this action. VW America argues that the amount in controversy requirement is met because Fontana's claims for actual damages, civil penalties, and attorneys' fees, in total, are over $75,000 in controversy. (NOR ¶¶ 12–17; Opp'n 9–14.) "Where . . . it is unclear from the face of the complaint

whether the amount in controversy exceeds $75,000, 'the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold.'" *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) (quoting *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121–22 (9th Cir. 2013)). Here, the amount in controversy is not clearly ascertainable from the face of the complaint. (*See generally* FAC.) Therefore, VW America bears the burden of proving the amount in controversy exceeds $75,000. The Court finds that VW America fails in this burden.

### A. Actual Damages

Under the Song-Beverly Act, the buyer of a vehicle may recover "in an amount equal to the actual price paid or payable by the buyer," reduced by "that amount directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B)–(C). This reduction, also known as a mileage offset, reduces the buyer's recovery by an amount directly proportional to the number of miles driven, with each mile driven reducing the purchase price by 1/120,000. *See id.* § 1793.2(d)(2)(C).

Here, VW America argues that Fontana's prayer for actual damages places $35,029.22 in controversy, based on a purchase price of $36,048.80 minus an offset of $1,019.58. (Opp'n 12.) Fontana does not contest these figures, and VW America's calculations appear proper under the Song-Beverly damages framework for motor vehicles. The Court therefore assumes for the purpose of this Order, without making any related legal or factual determinations, that the actual damages Fontana might recover in this case are properly calculated to be $35,029.22.

### B. Civil Penalties

Next, VW America argues that, because the Song-Beverly Act allows plaintiffs "to recover up to two times the amount of actual damages," the amount of civil penalties in controversy in this case is $70,058.44. (Opp'n 12–13.) The Song-Beverly Act states that "[i]f the buyer establishes that the failure to comply was willful, the judgment may include . . . a civil penalty which shall not exceed two times

the amount of actual damages." Cal. Civ. Code § 1794(c). However, VW America's argument is highly speculative, and the evidence VW America provides is insufficient to meet its burden.

Courts can take civil penalties into account when determining the amount in controversy for the purposes of establishing diversity jurisdiction. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). However, "[t]he civil penalty under California Civil Code § 1794(c) cannot simply be assumed." *Castillo v. FCA USA, LLC*, No. 19-CV-151-CAB-MDD, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019) (remanding where the defendant provided no specific argument or evidence for including a civil penalty in the amount in controversy). Instead, district courts regularly find that a Song-Beverly plaintiff's boilerplate allegations regarding a defendant's willfulness are, without more, insufficient to place civil penalties in controversy. *Estrada v. FCA US LLC*, No. CV 20-10453 PA (JPRx), 2021 WL 223249, at *3 (C.D. Cal. Jan. 21, 2021) (collecting cases and remanding where defendant's inclusion of civil penalties to establish the amount in controversy was "too speculative and [] not adequately supported by the facts and evidence"). This is because "[s]imply assuming a civil penalty award is inconsistent with the principle that the defendant must provide evidence that it is more likely than not that the amount in controversy requirement is satisfied." *Makol v. Jaguar Land Rover N. Am., LLC*, No. 18-cv-03414-NC, 2018 WL 3194424, at *3 (N.D. Cal. June 28, 2018) (internal quotation marks removed); *see Zawaideh v. BMW of N. Am., LLC*, No. 17-CV-2151 W (KSC), 2018 WL 1805103, at *2 (S.D. Cal. Apr. 17, 2018) ("[T]he defendant must make some effort to justify the assumption."); *see also Khachatryan v. BMW of N. Am., LLC*, No. CV 21-1290 PA (PDx), 2021 WL 927266, at *2 (C.D. Cal. Mar. 10, 2021).

Here, in attempting to show that civil penalties are in controversy, VW America relies solely on the conclusory allegation in the First Amended Complaint that "[p]laintiff is entitled to a civil penalty of two times Plaintiff's actual damages

pursuant to Civil Code section 1794, subdivision (c)." (FAC ¶ 24; Opp'n 13.) This reliance ignores the burden required of the removing party to establish federal jurisdiction. *Makol*, WL 3194424, at *3. Because VW America does not provide evidence to support its contention that civil penalties are indeed in controversy, the Court does not include civil penalties in its amount in controversy calculation.

### C. Attorneys' Fees

Finally, VW America argues that attorneys' fees should be included in the amount in controversy calculation. (NOR ¶ 17; Opp'n 13–14.) The Song-Beverly Act authorizes the plaintiff to receive attorneys' fees that the court determines to "have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." Cal. Civ. Code § 1794(d). Nevertheless, VW America's evidence is not sufficiently analogous to this case to prove a verifiable amount in controversy for attorneys' fees.

In the Ninth Circuit, courts can consider attorneys' fees awarded under fee-shifting statutes when assessing the amount in controversy. *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 649 (9th Cir. 2016). But a removing defendant must "prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence," and must "make this showing with summary-judgment-type evidence." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018). "A district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy this burden of proof." *Id.* "While a defendant may meet its burden . . . by identifying awards in other cases, those cases must be similar enough to the case at hand that the court can conclude that it is more likely than not that the plaintiff may incur a similar fee award." *Kaplan v. BMW of N. Am., LLC*, No. 21-CV-857 TWR (AGS), 2021 WL 4352340, at *6 (S.D. Cal. Sept. 24, 2021). Because "many cases alleging violations of the [Song-Beverly] Act settle early," a party does not meet its burden merely pointing to previous high-value cases. *D'Amico*

*v. Ford Motor Co.*, No. CV 20-2985-CJC (JCx), 2020 WL 2614610, at *4 (C.D. Cal. May 21, 2020). Moreover, a defendant fails to show attorneys' fees are part of the amount in controversy where it "makes no effort to explain what amount of attorneys' fees might be sought or awarded in this case, neglecting to include so much as an estimate of the hours or billing rates that might apply." *Vega v. FCA US, LLC*, No. 2:21-cv-05128-VAP (MRWx), 2021 WL 3771795, at *4 (C.D. Cal. Aug. 25, 2021); *Garcia v. FCA US LLC*, No. 2:20-cv-04779-VAP (MRWx), 2020 WL 4219614, at *4 (C.D. Cal. July 22, 2020).

Here, VW America does not provide an estimate of what the attorneys' fees might be in this case, other than suggesting they are at least $5,000. (*See* Opp'n 14.) VW America provides two Song-Beverly cases in which courts granted attorneys' fees in the amounts of $180,262.50 and $50,404.34. *See Goglin v. BMW of N. Am., LLC*, 4 Cal. App. 5th 462, 470 (2016) ($180,262.50 fee award); *Gezalyan v. BMW of. N. Am., LLC.*, 697 F. Supp. 2d 1168, 1171 (C.D. Cal. 2010) ($50,404.34 fee award).

Accordingly, VW America fails to (1) explain how this case is like *Goglin* or *Gezalyan*; or (2) provide and substantiate reasonable lodestar estimates for an eventual statutory attorney fee award in this case. *D'Amico*, 2020 WL 2614610, at *4. VW America's showing is meager, and, given that the removal statute is to be strictly construed and all doubts resolved in favor of remand, the Court finds that VW America fails to submit evidence substantiating that any amount of attorneys' fees as being in controversy.

It is VW America's burden to show, by a preponderance of the evidence, that $39,970.79 ($75,000.01 minus $35,029.22) in attorneys' fees is in controversy. VW America fails in this burden and the Court finds it does not have subject matter jurisdiction. Accordingly, the Court need not and does not consider whether the parties are diverse in their citizenship. The Court **GRANTS** Fontana's Motion.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Fontana's Motion to Remand. (ECF No. 20.) The Court **REMANDS** this matter to the Superior Court of California, County of Los Angeles, 1725 Main Street, Santa Monica, California 90401, Case No. 22SMCV00481. The Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

August 12, 2022

**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**